# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

LISA REYES-WINFREY,

    Plaintiff,

v.                                                                         Civ. No. 18-932 GBW

ANDREW SAUL,
*Commissioner of the*
*Social Security Administration*,

    Defendant.

## ORDER DENYING ATTORNEY FEES

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act. *Doc. 27*. On October 21, 2019, the Commissioner responded in opposition to the motion. *Doc. 28.* Plaintiff did not file a reply. Having reviewed the Motion and Response, the Court will DENY the Motion.

### I.    Procedural Posture

On October 5, 2018, Plaintiff filed suit in this court, seeking reversal and remand of the decision by the Social Security Administration ("SSA") to deny Plaintiff Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income ("SSI"). *Doc. 20.* Plaintiff argued several points of error by the ALJ in denying her application. In pertinent part, Plaintiff argued that the ALJ failed to incorporate a moderate limitation on Plaintiff's ability to interact with the general public in the assessment of Plaintiff's residual functional capacity ("RFC"), despite substantial

evidence to support the limitation. *See id.* at 17–18. In response to this point, the Commissioner asserted that any error in failing to incorporate the public-interaction limitation was harmless, because many of the jobs relied on by the ALJ in concluding that Plaintiff could still work did not require a significant amount of public interaction. *Doc. 22* at 18–21.

On July 23, 2019, this Court granted remand. *Doc. 25*. The Court found that the ALJ erred in failing to incorporate the public-interaction limitation or to explain the reason for omitting it. *Id*. at 7. More specifically, the ALJ failed to pose hypotheticals to the vocational expert ("VE") regarding Plaintiff's limitation on public interaction. *Id.* at 8. Because the VE's testimony was incomplete, the conclusion that Plaintiff could perform jobs that existed in significant numbers was not supported by substantial evidence. *Id.*

The Court also rejected the Commissioner's assertion of harmless error, based on the precedent of *Hargis v. Sullivan*, 945 F.2d 1482 (10th Cir. 1991). *Doc. 25* at 8. In *Hargis*, the Tenth Circuit held that, where a claimant suffers from mental impairments, the SSA must rely on VE testimony to establish the existence of jobs that the claimant can perform. 945 F.2d at 1492. Without support from the VE's testimony, the Commissioner did not carry his burden of proving that Plaintiff can perform work existing in significant numbers in the national economy. *See doc. 25* at 8.

## II. LEGAL STANDARDS

Under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, a plaintiff in a civil action against a United States agency may be awarded the cost of reasonable attorney fees if: (1) the plaintiff is the prevailing party; (2) the position of the agency was not substantially justified; and (3) there are no special circumstances that would make the award unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). The agency bears the burden of showing that its position was substantially justified. *Id.*

"Substantially justified" means "justified in substance or in the main." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To be substantially justified, there must be a "reasonable basis both in law and fact" for the agency's position. *Id.*

## III. PARTIES' POSITIONS

Plaintiff requests attorney fees in the amount of $6,934.50, for 34.5 hours billed at the rate of $201.00 per hour. *Doc. 27* at 4. Plaintiff alleges that she is the prevailing party, her net worth is less than $2,000,000.00, and the SSA's position was not substantially justified. *Id.* at 1. Plaintiff has supplied an affidavit from her attorney detailing the hours expended on Plaintiff's motion to remand. *Doc. 27-1*. Plaintiff asserts that the requested fee is reasonable and within the range approved by other courts. *Doc. 27* at 3.

In response, the Commissioner argues that the SSA's position was substantially justified, therefore no attorney fees should be awarded. *Doc. 28* at 2. Although the ALJ

committed reversible error, the Commissioner argues that he cured the ALJ's unreasonable conduct by taking a reasonable litigation position that the ALJ's error was harmless. *Id.* at 3. In the alternative, the Commissioner requests that any fee awarded to Plaintiff be reduced for unreasonableness to no more than $4,848.00, or 24 hours billed at $202.00 per hour. *Id.* at 11.

Because the Court agrees with the Commissioner that his position in litigating this case was substantially justified, the Court does not reach the question of the reasonableness of Plaintiff's requested fee award.

IV. **ANALYSIS**

Whether the government's position was substantially justified is a single threshold determination, "encompass[ing] both the agency's prelitigation conduct and [the government's] subsequent litigation positions." *Comm'r, INS v. Jean*, 496 U.S. 154, 159 (1990). Fees under EAJA "generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002)). However, in certain circumstances, the government "may 'cure' unreasonable agency conduct by taking a reasonable position in any subsequent civil litigation before a district court." *Id.* at 1173. In social security cases, such a circumstance may arise where the Commissioner "reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." *Evans v. Colvin*, 640 F. App'x

4

731, 733 (10th Cir. 2016) (unpublished) (quoting *Groberg v. Astrue*, 505 F. App'x 763, 765–66 (10th Cir. 2012) (unpublished)).

In response to Plaintiff's motion to remand, the Commissioner argued that the ALJ's error was harmless because several of the jobs relied on by the ALJ involved limited interaction with the public. *Doc. 22* at 20. The ALJ found that Plaintiff had the RFC to perform the following work:

1. Cashier II, DOT 211.462-010 (65,000 jobs nationally);

2. Arcade attendant, DOT 342.667-014 (63,000 jobs nationally);

3. Small product assembler, DOT 706.684-022 (95,000 jobs nationally);

4. Food and beverage clerk, DOT 209.567-014 (40,000 jobs nationally);

5. Document preparer, DOT 249.587-018 (57,000 jobs nationally);

6. Touch up screener, DOT 726.684-110 (45,000 jobs nationally);

7. Counter clerk, DOT 249.366-010 (50,000 jobs nationally);

8. Conveyor line bakery worker, DOT 524.687-022 (30,000 jobs nationally); and

9. Furniture rental clerk, DOT 295.357-018 (105,000 jobs nationally).

Administrative Record at 99. The Commissioner noted that four of these jobs (small product assembler, document preparer, touch up screener, and conveyor line bakery worker) involved no significant interaction with people. *Doc. 22* at 20. The Commissioner therefore concluded that there were 227,000 jobs nationally that Plaintiff

could still perform with an RFC incorporating moderate limitations on public interaction. *Id.*

In asserting that his position was substantially justified, the Commissioner points to several recent cases where the Tenth Circuit has applied the harmless-error doctrine in similar circumstances. *See doc. 28* at 4. In *Lane v. Colvin*, 643 F. App'x 766, 770 (10th Cir. 2016) (unpublished), the court concluded that the ALJ committed harmless error by not including a limitation on interaction with supervisors and coworkers because one of the jobs identified by the VE did not require significant interaction with others. In *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (unpublished), a limitation on public interaction was treated as effectively incorporated into the ALJ's limitation to unskilled work. Contra *Hargis*, these cases appear to permit the Commissioner to go beyond the VE's testimony to determine whether there are jobs existing in the national economy that a claimant is still capable of performing.

While the Court concluded that *Hargis* foreclosed the argument raised by the Commissioner in this case, it cannot say that it was unreasonable for the Commissioner to rely on the Tenth Circuit's more recent (albeit nonprecedential) holdings of *Nelson* and *Lane*. Therefore, the Court concludes that the Commissioner's position was substantially justified.

## V. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's Motion for Attorney Fees Pursuant to Equal Access to Justice Act (*doc. 27*) is DENIED.

**IT IS SO ORDERED.**

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE
**Presiding by Consent**